JS - 6       LINK: 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-05101 GAF (AGRx) | Date | July 3, 2012 |
|---|---|---|---|
| Title | Aurora Bank FSB v. Dale L Scott III et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Chris Silva for Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**      (In Chambers)

<u>**ORDER REMANDING CASE**</u>

**I.  INTRODUCTION & BACKGROUND**

On January 31, 2012, Plaintiff Aurora Bank FSB filed an unlawful detainer complaint against Defendants Dale L. Scott III, Joanne C. Scott, and Michael Mallahan in Santa Barbara County Superior Court.  (Docket No. 1 [Not. of Removal], Ex. A [Compl.])  The Complaint alleges that Plaintiff purchased Defendants' real property in Guadalupe, California, by virtue of a lawful foreclosure sale and that Defendants have continued to possess the premises despite being served with a 90-day notice to vacate and deliver up possession on October 28, 2011.  (Compl. ¶¶ 1–7.)  Defendants demurred to Plaintiff's Complaint on February 10, 2012, arguing that the unlawful detainer notice was defective because it failed to comply with the Protecting Tenants at Foreclosure Act, 12 U.S.C. § 5220.  (Not. of Removal, Ex. B [Demurrer] at 3.)  This demurrer was overruled.  (Not. of Removal ¶ 9.)  Defendant Dale Scott removed the action to this Court on June 12, 2012, alleging federal question jurisdiction pursuant to 28 U.S.C. § 1331 on the basis that the demurrer raises a question of federal law.  (<u>Id.</u> ¶¶ 7–10.)  Because the Court concludes that the lawsuit does not arise under federal law, it **REMANDS** the case to Santa Barbara County Superior Court for lack of subject matter jurisdiction.

**II.  DISCUSSION**

**A.  L**EGAL **S**TANDARD

JS - 6        LINK: 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-05101 GAF (AGRx) | Date | July 3, 2012 |
|---|---|---|---|
| Title | Aurora Bank FSB v. Dale L Scott III et al | | |

     Under Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "[A] court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action . . . ." Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002); see also United Investors Life Ins. Co. v. Waddell & Reed, Inc., 360 F.3d 960, 966 (9th Cir. 2004) ("Here the district court had a duty to establish subject matter jurisdiction over the removed action sua sponte, whether the parties raised the issue or not.").

     The Ninth Circuit has held that courts must "strictly construe the removal statute against removal jurisdiction" and reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citation omitted). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id. (quotations and citations omitted).

     Under 28 U.S.C. § 1441, a defendant may remove to federal court any state court action arising under the Constitution, treaties, or laws of the United States. 28 U.S.C. § 1441(b); see also 28 U.S.C. § 1331. "Under the longstanding well-pleaded complaint rule, . . . a suit 'arises under' federal law 'only when the plaintiff's statement of his own cause of action shows that it is based upon federal law.'" Vaden v. Discover Bank, 129 S. Ct. 1262, 1272 (2009) (quoting Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149, 152 (1908)) (alteration omitted). Thus, "[a] federal law defense to a state-law claim does not confer jurisdiction on a federal court." Valles v. Ivy Hill Corp., 410 F.3d 1071, 1075 (9th Cir. 2005) (citing Franchise Tax Bd. of California v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 14 (1983)). Rather, a case "arise[s] under" federal law only where the "well-pleaded complaint establishes either [1] that federal law creates the cause of action or [2] that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd., 463 U.S. at 28–29.

     Nevertheless, "a plaintiff may not defeat removal by omitting to plead necessary federal questions." Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998) (citation omitted). "If a court concludes that a plaintiff has "artfully pleaded" claims in this fashion, it may uphold removal even though no federal question appears on the face of the plaintiff's complaint." Id.

**B. APPLICATION**

     In his Notice of Removal, Defendant contends that the Court has jurisdiction under 28 U.S.C. §§ 1331 because the state court demurrer raised a question under the federal Protecting Tenants at Foreclosure Act, 12 U.S.C. § 5220. (Not. of Removal ¶¶ 7–10.) It is undisputed,

JS - 6     LINK: 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 12-05101 GAF (AGRx) | Date | July 3, 2012 |
|---|---|---|---|
| Title | Aurora Bank FSB v. Dale L Scott III et al | | |

however, that Plaintiff's complaint does not explicitly plead a federal cause of action. Nor is there any basis for finding that Aurora Bank engaged in artful pleading to defeat removal of a legitimate federal claim by attempting to disguise its claim as one arising under state law. See Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 397 n.2 (1981). "An unlawful detainer action is a true state law claim." Homesales, Inc. v. Frierson, No. CV 08-08607 MMM (FMOx), 2009 WL 365663, at *2 n.8 (C.D. Cal. Feb. 11, 2009).

      Therefore, removal jurisdiction is lacking, even if Defendant intends to assert a defense based exclusively on federal law. See Valles, 410 F.3d at 1075 ("[a] federal law defense to a state-law claim does not confer jurisdiction on a federal court"); see also U.S. Nat'l Ass'n v. Almanza, No. 1:09-CV-28 AWI DLB, 2009 WL 161082, at *2 (E.D. Cal. Jan. 22, 2009) (remanding a state unlawful detainer case because "[r]elying on a defense of RESPA and/or TILA is insufficient to create a federal question").

### III. CONCLUSION

      Based on the foregoing discussion, Defendant has not established that federal subject matter jurisdiction exists. The Court therefore **REMANDS** this action to Santa Barbara County Superior Court.

      **IT IS SO ORDERED.**